EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                                                                                                             | 2012 TSPR 156 |
|--------------------------------------------------------------------------------------------------------------------|---------------|
| Enmiendas a las Reglas 33 (i)-(j), 40(d) y 41(a)(1) del Reglamento del Tribunal Supremo de Puerto Rico             | 186 DPR ____  |

Número del Caso: ER-2012-4

Fecha: 23 de octubre de 2012

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Enmiendas a las Reglas **Núm. ER-2012-004**
33 (i)-(j), 40(d) y
41(a)(1) del Reglamento
del Tribunal Supremo de
Puerto Rico

RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de octubre de 2012.

La Regla 33 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-B, en sus incisos (i) y (j), utiliza la palabra "réplica" al referirse a los alegatos a ser sometidos por las partes contrarias al recurso. Esto ha causado confusión entre los abogados sobre si está permitido someter alegatos en respuesta al alegato en oposición de un recurso. No lo está. Es por ello que encontramos necesario sustituir el vocablo "réplica" por "alegato de la parte apelada o recurrida" en los acápites antes mencionados.

Por otro lado, como parte del Reglamento antes indicado, se adoptaron medidas incorporando adelantos tecnológicos dirigidos a facilitar el intercambio de información y reducir el volumen de papel generado en los casos sometidos ante nuestra consideración. Es ese el caso específico de la Regla 40 de nuestro Reglamento, *supra*, mediante la cual se le permite a las partes presentar los documentos que forman parte del apéndice en formato digital.

Sin embargo, para agilizar los procesos y asistir al Tribunal en su tarea revisora, es necesario que en los recursos en que las partes opten por someter las copias del apéndice en forma digital se incluya con cada copia impresa una copia del dictamen administrativo si el caso se originó en una agencia administrativa, así como copias de los dictámenes judiciales que son objeto del recurso. Además, en ocasiones hemos confrontado dificultades accediendo a los documentos que conforman el apéndice cuando son sometidos en formato digital en aquellos casos en que el índice correspondiente se incorpora en el mismo archivo que el apéndice en un disco compacto (CD). En

esos casos, el número de página registrado en los folios se altera al insertar el índice al inicio del mismo archivo en el CD. En aras de corregir esta problemática se enmienda la Regla 40 del Reglamento de este Tribunal para aclarar que las copias del índice del apéndice deben someterse de manera impresa y debe indicar en qué disco compacto, archivo digital y página digital aparece cada documento.

Por último, hubo una omisión en la Regla 41, que alteró por error su significado, y es necesario corregirla.

Conforme a lo anterior, se enmiendan las Reglas 33, 40 y 41 de nuestro Reglamento para que lean de la siguiente manera:

**Regla 33. Alegatos**

(a) Esta regla aplica a todos los alegatos que se presenten ante este Tribunal, con excepción de los alegatos en recursos gubernativos.

(b) La cubierta del alegato incluirá solamente el epígrafe del caso, la identificación de la parte que lo presenta (alegato de la parte apelante o de la parte peticionaria, según sea el caso), el nombre, la dirección, el número de teléfono, el número de fax, la dirección del correo electrónico, si la tuviera, y el número del Tribunal Supremo del abogado o la abogada de la parte recurrida, y el nombre, la dirección y el número de teléfono de las partes si no están representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

(c) Inmediatamente después de la cubierta habrá un índice detallado del alegato, el cual se ajustará a las disposiciones de la Regla 38.

(d) En casos de jurisdicción original, el alegato de la parte peticionaria tendrá las siguientes partes numeradas, en el orden que aquí se dispone:

(1) Las citas de las disposiciones legales que establecen la jurisdicción de este Tribunal;

(2) una breve relación de los hechos del caso, y

(3) una discusión a fondo de los méritos de la petición. Los alegatos de las partes contrarias sólo contendrán una discusión de los méritos de la petición, que podrá incluir el aspecto de la autoridad de este Tribunal para expedir el auto. Podrá incluirse una relación de los hechos si se está inconforme con la que haya hecho la parte peticionaria.

(e) En casos de apelación (Regla 17), *certiorari* (Regla 20) y certificación (Regla 23), el alegato de la parte apelante o peticionaria, según sea el caso, tendrá las siguientes partes numeradas, en el orden que aquí se dispone:

(1) Las citas de las disposiciones legales que establecen la jurisdicción de este Tribunal;

(2) una referencia a la sentencia, resolución u orden de la cual se apela o recurre, incluyendo el nombre y el número del caso, el tribunal que la dictó, la fecha cuando fue dictada (incluyendo, en los casos apropiados, la fecha cuando se archivó en autos la copia de la notificación de la sentencia, y en los casos en que no se hayan originado en el tribunal recurrido, una referencia completa a la sentencia, resolución u orden original) y la fecha cuando se presentó el escrito de apelación, *certiorari* o certificación;

(3) una breve relación de los hechos sustantivos y procesales que sean relevantes al recurso;

(4) un señalamiento breve y conciso de las cuestiones planteadas, incluyendo, en las apelaciones, la base jurisdiccional en la cual se apoyan las cuestiones constitucionales implicadas, y

(5) una discusión por separado de los asuntos antes mencionados.

(f) El alegato que se menciona en los incisos (d) y (e) y el que se menciona en el inciso (i) no excederá de cincuenta (50) páginas, con exclusión del índice y del apéndice.

(g) El alegato en casos de jurisdicción original no tendrá que tener un apéndice; se podrá hacer referencia al apéndice de la petición.

(h) Con excepción de lo dispuesto en el inciso anterior, se hará formar parte del alegato que se menciona en el inciso (e) un apéndice que contendrá copia literal de:

(1) Las alegaciones de las partes y la sentencia o resolución que se revisa, incluyendo las determinaciones de hechos y de derecho en que se funda, y

(2) cualquier otro documento que forme parte del expediente o legajo a que se refiere la Regla 35, y que la parte apelante o peticionaria quiera traer especialmente a la atención del Tribunal. Las disposiciones de este inciso están sujetas a la excepción provista en la Regla 34(f).

(i) Los alegatos de la parte apelada o recurrida se presentarán al Tribunal dentro del plazo de treinta (30) días desde que se presentó el alegato de la otra parte. Si la parte apelada o recurrida no estuviese de acuerdo con la relación de hechos presentada por la parte apelante o peticionaria, así lo hará constar e incluirá la propia. Si cuestiona, por el fundamento que sea, la autoridad de este Tribunal para conceder el remedio solicitado, discutirá tal asunto por separado. Excepto en los casos de competencia original, también se discutirá por separado cada una de las cuestiones planteadas por la parte apelante o peticionaria.

(j) Si la parte apelada o recurrida desea hacerlo, podrá añadir un apéndice a su alegato.

(k) Cualquier parte que haya sometido una petición o moción fundamentada con relación a la expedición de un auto, podrá someter el asunto sin necesidad de presentar un alegato. Deberá hacerlo constar así en una moción informativa, y la fecha de presentación y notificación de dicha moción será equivalente para todos los fines pertinentes a la fecha de presentación y notificación del alegato. No obstante lo anterior, el Tribunal podrá ordenar que se prepare y someta un alegato en cualquier caso que lo considere necesario.

(l)     Una moción de desestimación que se presente en cualquier caso no suspenderá los términos para la presentación de alegatos.

**Regla 40.  Forma de los escritos; copias**

(a)     Todos los escritos que se presenten al Tribunal y las copias de estos que se notifiquen a las partes deberán ir encabezados con el epígrafe del caso, con expresión del título y del número. Dichos escritos y todas sus copias deberán estar firmados por el abogado o la abogada, o por la propia parte si no tiene representación legal.

(b)     Todo escrito que se presente a este Tribunal se hará en letra impresa del estilo Times New Roman, Courier New o Arial en tamaño 12, o su equivalente en cualquier programa de procesamiento de palabras, a doble espacio, en papel tamaño legal (8 1/2" x 14"), por un solo lado del papel, con un margen izquierdo no menor de 1/2" y un margen derecho no menor de 1/2". Las páginas del escrito deberán perforarse y sujetarse al centro del margen izquierdo de la página, a no menos de seis (6) pulgadas por debajo del margen superior del papel. No se utilizará alambre o metal para sujetarlas.

(c)     Todo documento que forme parte de un apéndice deberá cumplir con los requisitos establecidos en el inciso (b), excepto que se permitirá incluir fotocopias de documentos originales a espacio sencillo, siempre que dichas copias sean claramente legibles.

(d)     La presentación de todo documento ante el Tribunal se hará en original y diez (10) copias, claramente legibles, que podrán ser fotocopias o de máquinas reproductoras. Sin embargo, las partes podrán presentar las copias del apéndice en forma digital. De elegir esta opción, se presentará un disco compacto (CD) por cada copia, a no ser que se requiera más de un disco compacto por cada copia. De ser más de uno se identificará cada disco compacto (CD) en orden numérico. Cada disco compacto se identificará con el epígrafe abreviado y el número del expediente, si ya lo tiene. Su contenido deberá estar en formato ".pdf" (*Portable Document Format*) únicamente, por lo

que no se aceptarán discos compactos cuyo contenido esté en otro formato. Además, la parte que decida presentar las copias del apéndice de forma digital, también deberá incluir una copia de su escrito y sus respectivos índices --con exclusión del apéndice-- tanto en formato ".pdf" como en formato ".doc" o .docx". Esto no releva a las partes de su obligación de presentar las copias impresas de su escrito, incluyendo sus respectivos índices.

Cuando se presente el apéndice en forma digital, la numeración y el orden de las páginas en cada disco compacto deberán ajustarse a lo dispuesto en la Regla 34. Además, el índice impreso del apéndice deberá indicar el disco compacto, archivo digital y la página digital en que aparece cada documento incluido en el apéndice. También, junto con cada copia impresa del escrito, se incluirán copias impresas de los documentos siguientes:

(1)   En casos originados en las agencias administrativas, la orden o resolución de la agencia que dio base al recurso y la sentencia del Tribunal de Apelaciones que es objeto del recurso.

(2)   En casos originados en los tribunales, la orden, resolución o sentencia del Tribunal de Primera Instancia que dio base al recurso y la resolución o sentencia del Tribunal de Apelaciones que es objeto del recurso.

Será deber del Secretario o la Secretaria velar por el estricto cumplimiento de esta disposición y, en su caso, tomar las medidas correctivas que dispone la Regla 9(d). Se hará la excepción de las diez (10) copias en los siguientes escritos, los cuales se presentarán en original y una copia:

(1)   Mociones de prórroga.

(2)   Mociones informativas.

(3)   Mociones que certifiquen la notificación del recurso bajo la Regla 39(a).

(4) Mociones relacionadas con los cambios en la representación legal o cambios de dirección.

(5) Mociones según la Regla 33(k).

(6) Alegatos de las partes luego de expedido un recurso discrecional o de acogida la apelación.

(7) Escritos en cumplimiento de orden para mostrar causa u otra orden emitida por el Tribunal.

(8) Mociones o escritos posteriores luego de haberse notificado que el caso ha quedado sometido en sus méritos.

(9) Quejas contra abogados y abogadas.

(10) Mociones y escritos relacionados con quejas y procedimientos disciplinarios contra abogados, abogadas, notarios y notarias según la Regla 14.

(11) Transcripción de evidencia.

No obstante lo antes dispuesto, el Tribunal o la Secretaría podrán requerir que se presenten copias adicionales de cualquier escrito cuando así lo considere necesario y solicitar copias impresas de aquellos documentos presentados de forma digital.

(e) La Secretaría del tribunal apelado podrá elevar en original o en copia certificada el legajo o expediente a que se refiere la Regla 35.

(f) Cuando estas reglas dispongan el número máximo de páginas para un escrito, éste no deberá presentarse con páginas en exceso de dicho máximo. El Tribunal no concederá excepciones, salvo mediante una moción justificativa con razones específicas y no con meras generalizaciones.

(g) El Secretario o la Secretaria no aceptará ni permitirá que se presente un memorando de autoridades por separado en apoyo de un escrito. Las autoridades pertinentes deben incorporarse y discutirse siempre dentro del cuerpo de los respectivos escritos.

(h)   Todos los escritos y las mociones que se presenten para el *certiorari* de acuerdo con la Regla 22 se presentarán en original y diez (10) copias.

**Regla 41. Vistas orales**

(a)   Para los informes orales de los abogados y las abogadas se concederá el tiempo que a continuación se expresa, salvo que el Tribunal disponga otra cosa:

  (1)   En todos los casos, excepto en las mociones, el término máximo será de una (1) hora, que se dividirá como sigue: veinticinco (25) minutos a cada parte para el argumento principal y cinco (5) minutos a cada una para replicar.

  (2)   En la vista de las mociones, treinta (30) minutos: diez (10) minutos a cada parte y cinco (5) minutos a cada una para replicar.

  (3)   El Tribunal podrá, mediante una orden al efecto, aumentar o disminuir dichos periodos en cualquier caso.

(b)   El Secretario o la Secretaria anunciarán los asuntos una vez el Tribunal entre en sesión y se despacharán según el orden establecido.

(c)   Las causas podrán oírse conjuntamente a moción de cualquiera de las partes o por iniciativa del Tribunal, cuando las mismas partes comparezcan en cada causa o cuando se trate de las mismas cuestiones fundamentales, pero la concesión o denegación de una moción para la acumulación de causas quedará siempre reservada a la discreción del Tribunal.

(d)   Al dirigirse al Tribunal, y mientras hagan sus informes, los abogados y las abogadas deberán permanecer de pie, a menos que por causa de enfermedad o impedimento físico, el Tribunal les conceda permiso para permanecer sentados.

(e)   Las partes deben suponer que todos los Jueces y las Juezas han leído los escritos previo a la vista oral. Al dirigirse al Tribunal, el abogado o la abogada deberá argumentar cada punto en sus méritos tratando de abstenerse de leer lo que argumenta o haciendo uso de ese

recurso lo menos posible. Al hacer su informe oral, los abogados y las abogadas deberán: (1) señalar las cuestiones en controversia y (2) exponer su posición al respecto. Los abogados y las abogadas deberán limitarse a los asuntos en controversia. No deberán hacer referencia a hechos que no consten en los autos, a menos que hayan solicitado la venia del Tribunal para ello con la anticipación debida, mediante una moción escrita fundamentada y notificada a las demás partes.

(f)   No se permitirá la argumentación oral de cualquier parte que no haya presentado su posición por escrito.

Estas enmiendas entrarán en vigor treinta (30) días después de su aprobación y aplicarán a todos los recursos presentados a partir de su fecha de efectividad.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo